IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS L. HONEYCUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-10-1307-M |
| v. | ) | |
| | ) | |
| L. L. YOUNG, District Supervisor, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

In his Petition filed December 3, 2010, Petitioner purports to challenge a conviction entered against him in the District Court of Kay County in 1999.[1] According to Petitioner's allegations in the Petition, he entered a plea of guilty in Case No. CRF-97-53 on October 4, 1999, to a charge of Possession of a Controlled Dangerous Substance with Intent to

---

[1] Petitioner states in the title of the Petition that the "conviction under attack [is] CRF-97-53." Petition, at 1.

1

Distribute and was sentenced to a 15-year term of imprisonment "[w]ith all except the first year suspended." Petition, at 1-2. Petitioner contends that despite the partial suspension of the sentence the Oklahoma Department of Corrections ("DOC") "forc[ed] the petitioner to serve the 15 year sentence as a whole sentence." Petition, at 4. Petitioner alleges he "completed the 15 year sentence" and was discharged from custody in 2006. Petition, at 5-6. Petitioner contends that he was arrested in 2007 on new charges and is currently serving sentences for his convictions in Case Nos. CF-2007-352 and CF-2007-616. Petitioner contends that the sentences for his new convictions were enhanced due to his prior felony conviction in Case No. CRF-97-53. As a result of the enhancement of his current sentences, Petitioner asserts that he satisfies the "in custody" requirement allowing him to challenge the constitutionality of his 1999 conviction.

Based on "considerations relating to the need for finality of convictions and ease of administration," a habeas petitioner whose "state conviction is no longer open to direct or collateral attack in its own right because the [petitioner] failed to pursue [appeal or other post-conviction] remedies while they were available (or because the [petitioner] did so unsuccessfully)" generally may not later challenge a sentence enhanced by the previous conviction under § 2254 "on the ground that the prior conviction was unconstitutionally obtained." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-404 (2001). Under these circumstances, the conviction is deemed "conclusively valid." Id. at 403.

There are limited exceptions to this rule, as recognized in Lackawanna. When an indigent defendant was not appointed counsel, this "unique constitutional defect" warrants

federal habeas review of a sentence enhanced by a prior, allegedly-unconstitutional conviction. Id. at 404. In Petitioner's case, the Judgment and Sentence in Case No. CF-97-53 reflects on its face that Petitioner was represented by counsel. Thus, this limited exception to the rule announced in Lackawanna does not apply. Petitioner has not alleged other circumstances that warrant habeas review of his enhanced sentences on the ground that the prior conviction used to enhance his current sentences was unconstitutionally obtained. See id. at 405 (describing other circumstances in which a petitioner cannot be faulted for failing to obtain timely review of a constitutional claim concerning a prior conviction, including circumstances in which "a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it," or circumstances in which a defendant has obtained "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner").

Generously construing the *pro se* allegations in the Petition, Petitioner has not asserted a challenge to his 2007 convictions. Rather, Petitioner asserts only a challenge to the 1999 plea-based conviction. He does not mention the 2007 convictions at all except to assert that the enhancement of his sentences for the 2007 convictions allows him to challenge the 1999 conviction. Petitioner's 1999 conviction is not subject to collateral attack as the sentence has been fully served and Petitioner admits he did not timely appeal the conviction. Consequently, the Petition fails to satisfy the "in custody" requirement for pursuing habeas relief, and this Court lacks jurisdiction to consider his Petition. The Petition should therefore be summarily dismissed with prejudice.

"Crucial to the Lackawanna exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief [,] including, for example, exhaustion of remedies.'" McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quoting Lackawanna, 532 U.S. at 404).

According to Petitioner, he first challenged his conviction in Case No. CRF-97-53 when he applied for post-conviction relief in 2008. Petition, at 2-3, 5. Petitioner alleges that the district court denied the post-conviction application. Petitioner alleges that he "raised the question of the CRF-97-53 case[']s legality in a Post Conviction Appeal of the 2007 case." Because he had already raised the same issue in another post-conviction appeal, Petitioner states that he voluntarily dismissed his appeal of the district court's denial of his post-conviction application, although he does not clearly indicate which post-conviction appeal he dismissed. In any event, Petitioner asserts that the Oklahoma Court of Criminal Appeals refused to review the merits of his post-conviction appeal because the court found Petitioner failed to timely file a direct appeal of the conviction(s) and he was therefore procedurally barred from seeking post-conviction relief.

Even assuming that the instant Petition may be construed as a challenge to Petitioner's 2007 convictions whose sentences were enhanced by the allegedly-unconstitutional 1999 conviction, Petitioner has not demonstrated that he exhausted available state court remedies as to his 2007 convictions. Petitioner admits that he either voluntarily dismissed the post-conviction appeal he filed as to his 2007 convictions or that the OCCA found his post-conviction claims directed to the 2007 convictions were procedurally defaulted due to

4

Petitioner's failure to timely appeal the convictions. In either circumstance, Petitioner has not shown cause or prejudice excusing his procedural default, and the Petition should therefore be dismissed with prejudice.

To the extent that the Petition can be construed to assert a 28 U.S.C. § 2241 petition for habeas relief concerning the execution of Petitioner's sentence in Case No. CRF-97-53, the Petition should be dismissed as moot. Petitioner alleges that he presented his grievance regarding the execution of his sentence in Case No. CRF-97-53 to Mr. Rabon, a DOC official. Petitioner refers to a letter attached to his Petition as Exhibit D from Mr. Rabon. In this letter dated July 14, 2010, Mr. Rabon, DOC's Administrator for Sentence Administration and Offender Records, advised Petitioner that

> You were received by the [DOC] on January 6, 2000, to serve a fifteen-year sentence in Kay County case CF97-53. The sentence was not partially suspended nor did it have language providing for the balance to be suspended upon completion of a program. You completed the sentence on July 18, 2006. You have filed litigation regarding your conviction in CF97-53 during your prior incarceration and since you have completed the sentence. You have been denied both by the Kay County District Court and the Court of Criminal Appeals. It is inappropriate for you to continue complaining to staff about this matter.

Petition, Ex. D. "Article III's requirements that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot - i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(superceded by statute on other grounds). A "plaintiff cannot maintain a declaratory or injunctive action unless he or

she can demonstrate a good chance of being likewise injured [by the defendant] in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991).

Plaintiff's release from custody renders his request for habeas relief concerning the execution of his fully-served and expired sentence moot, and the action should be dismissed with prejudice for lack of jurisdiction. See Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004)(inmate's release from prison moots his claims for declaratory and injunctive relief); McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999)(recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 or § 2241 be DISMISSED with prejudice. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 29th___ , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this __9th__ day of __December__, 2010.

_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE